# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PPG INDUSTRIES, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-1127 |
| v | ) |
| | ) |
| GENERON IGS, INC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is PLAINTIFF'S MOTION TO PARTIALLY DISMISS DEFENDANT'S COUNTERCLAIMS (Doc. No. 15), with memorandum of law in support (Doc. No. 16), and DEFENDANT GENERON IGS, INC.'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION & MEMORANDUM TO PARTIALLY DISMISS COUNTERCLAIMS (Doc. No. 19). The issues have been fully briefed and the motion is ripe for disposition. For the reasons that follow, the motion will be denied.

This is a breach of contract action filed by Plaintiff PPG Industries, Inc. ("PPG" or "Plaintiff") against Defendant Generon IGS, Inc. ("Generon" or "Defendant") related to a five (5) year supply agreement for a specialty polymer product commonly referred to as "TBBA" (the "supply agreement"). Plaintiff alleges that Defendant failed to meet its requirements under the supply agreement, specifically by failing to fulfill certain purchase quotas for TBBA as manufactured by Plaintiff. Plaintiff also alleges that the supply agreement was subsequently amended to affect a release of certain claims. Attached to the complaint were two documents, the supply agreement, *see* Doc. No. 1-2, and correspondence dated March 24, 2008 which

purportedly amended the supply agreement and released any potential claims of Defendant that may have accrued to that point in time ("Amendment/Release"), *see* Doc. No. 1-3.

Defendant answered the complaint with, *inter alia*, affirmative defenses and five counterclaims related to the supply agreement. Doc. No. 13. In those counterclaims, Defendant asserts three breach of contract claims for: 1) Plaintiff's alleged failure to have the TBBA production facility completed by May 31, 2007, as required under the supply agreement (count I); 2) Plaintiff's alleged failure to produce and deliver 50,000 pounds of TBBA within a certain trial production period as required under the supply agreement (count II); and, 3) Plaintiff's alleged failure to honor a commitment to produce and deliver a particular high performance polymer (count III). Defendant also counterclaims for unjust enrichment (count IV), and fraud in the inducement (count V). *Id.*

## Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v.*

*Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (*quoting Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.2007).

In deciding a motion to dismiss, a court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). A court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir.1998), or credit a complaint's "'bald assertions'" or "'legal conclusions'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir.1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). When considering a Rule 12(b)(6) motion, a court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of the alleged claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir.2000).

Courts use the same standard in ruling on a motion to dismiss a counterclaim under Federal Rule of Civil Procedure 12(b)(6) as they do for a complaint. *See United States v. Union Gas Co.*, 743 F.Supp. 1144, 1150 (E.D.Pa.1990). In view of the appropriate legal standard, this

Court must "accept as true all of the allegations in the [Defendant's counterclaims] and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989).

**Legal Analysis**

Plaintiff moves to dismiss counterclaims I and II (breach of contract claims), along with the counterclaims alleging unjust enrichment (count IV) and fraud in the inducement (count V). *See* Doc. No. 16.

A. <u>Counts I and II: Breach of contract counterclaims</u>

Plaintiff contends that counterclaims I and II should be dismissed as being without merit given the Amendment/Release that, according to Plaintiff, releases all claims for those matters which Defendant now claims as a breach. *See* Doc. No. 16. More specifically, Plaintiff contends:

> In the Amendment/Release, … Generon agreed to release PPG from claims related to the readiness of the Production Facility by May 31, 2007 and the Operative Date so long as PPG made the required 'Upgrades' delineated in the Amendment. … Generon thereafter admitted that the Upgrades it required PPG to accomplish as a condition precedent of the release, (i.e., the precipitation unit and the dryer Temperature Control Unit upgrade) were in fact completed. (reference omitted) Thus, by Generon's own admission, the release of its claims against PPG related to the completion of the Production Facility became effective, at the latest, on November 7, 2008.

Doc. No. 16, at § IV.A. The "admission" to which Plaintiff refers is an exchange of correspondence in November 2008, in which Defendant acknowledged that the required upgrades to the plant had been completed. Specifically, Plaintiff references two separate electronic mail communications from Defendant's executives to Plaintiff's executives, copies of which were attached to Plaintiff's motion. *Id.* at Exhibits 6 & 7.

In opposition, Defendant argues that the Amendment/Release was conditional upon the occurrence of a number of upgrades to the production facility. Further, Defendant contends that

4

its subsequent acknowledgment of the completion of the conditions was fraudulently obtained. Defendant avers that the assurances from Plaintiff that the upgrades had been completed were simply not true. Specifically within its counterclaims, Defendant avers:

> … PPG failed to meet the conditions precedent for the fulfillment of its promises to Generon in the March 24, 2008 Letter. Specifically, PPG never finished the precipitation unit and dryer process upgrades precisely at issue in the production of the specialty polymers, and upon which any contemplated release was premised. Moreover, PPG never constructed or upgraded the Production Facility to produce TBBA on the timeframe, and with the efficiency, promised in the Agreement. *Nevertheless, PPG (through several representatives) materially and fraudulently misrepresented to Generon about the performance of PPG's Production Facility and the plant upgrades. Knowing Generon's substantial reliance on the TBBA polymer, PPG repeatedly told Generon that this work had been completed when PPG knew – and had known – that this work never was done. Any alleged confirmation by Generon of PPG's achievement of conditions precedent could only be premised on PPG's misleading, deceptive, and fraudulent acts/omissions pertaining to the Production Facility.*

Doc. No. 13, Defendant's Answer, at ¶ 11 (emphasis added).

Release is an affirmative defense. *See* Fed.R.Civ.P. 8(c). Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer, or in this case, the response to the counterclaims. Rule 12(b) states that "[e]very defense … shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion …" The defenses listed in Rule 12(b) do not include the defense of release. Thus, a release defense must be raised in the responsive pleading, since Rule 12(b) does not permit it to be raised by motion. However, the law of this Circuit (the so-called "Third Circuit Rule") permits an affirmative defense to be raised by a motion under Rule 12(b)(6) in certain circumstances. In this case, both parties have explicitly relied upon on the Amendment/Release, a copy of which was attached to both the complaint and again to the partial motion to dismiss. The Amendment/Release is the basis for the relief requested by Plaintiff, and it is part of the basis for counterclaim V by Defendant. Accordingly, the Court may properly

consider the terms of the Amendment/Release in ruling on the instant Motion. *See, e.g.*, *Cuchara v. Gai-Tronics Corp.*, Civ. A. No. 03-6573, 2004 WL 1438186, at *4-*5 (E.D.Pa. Apr.7, 2004) (considering agreement and general release on 12(b)(6) motion where "Plaintiff's allegations, as set forth in the Complaint, are heavily based on the Agreement and General Release [and] the Agreement is attached as an exhibit to both Plaintiff's and Defendants' supporting Memoranda"); *see also Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 897 (3d Cir.1975) (reversing district court's denial of motion to dismiss based on release defense).

A signed release of claims is binding upon parties to an agreement unless executed and procured by "fraud, duress, or other circumstances sufficient to invalidate the agreement." *Wastak v. Lehigh Valley Health Network*, 342 F.3d 281, 295 (3d Cir. 2003); *see also*, *Powersox Truck Sales, Inc. v. Harco Nat. Ins.Co.*, 209 F.3d 273, 279 (3d Cir. 2000)(quoting *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 892 (3d Cir. 1975)). This Court is empowered, on a Federal Rule of Civil Procedure 12(b)(6) motion, to examine documents upon which the Plaintiff relies in its complaint and which are "undisputably authentic." *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). The Court notes that neither party is challenging the authenticity of the document styled as the "Amendment/Release".

Beyond the question of authenticity of that document itself, however, Plaintiff's partial motion to dismiss requires a determination that the subsequent electronic mail correspondence of November 7 and 24, 2008, consummate the release of the claims encompassed in the March 24, 2008 Amendment/Release. The Amendment/Release is clearly prospective in nature, and indicates that upon Plaintiff's satisfaction of certain conditions, Defendant will affect a release of

all previous claims. Plaintiff now claims that those conditions were satisfied, as "admitted" by Defendant in the November 2008 emails. *See, e.g.,* Doc. No. 16 at p. 11. Defendant disputes that all required conditions were met, averring that any representation of Plaintiff that the conditions had been satisfied was made for the purpose of misrepresenting same to Defendant.

Given the pleading stage of this case, and the undeveloped record upon which this motion has been brought, the Court finds that an issue of fact exists as to whether there has been a release of claims. A release of claims affirmative defense may well be established by Plaintiff, but it will require a factual record beyond pleadings. Therefore, Plaintiff's partial motion to dismiss counterclaims I and II will be denied.

B. <u>Counts IV and V: Defendant's counterclaims sounding in tort</u>

Defendant has alleged two tort claims which Plaintiff seeks to have dismissed. Counterclaim IV alleges unjust enrichment, and counterclaim V alleges fraud in the inducement of the contract. Because consideration of these claims involves overlapping considerations of tortious allegations within a setting in which a contract is involved, the Court will consider the claims together.

Unjust enrichment results when a party inequitably retains benefits conferred by an opposing party. *Schenck v. K.E. David, Ltd.*, 446 Pa.Super. 94, 666 A.2d 327, 328 (Pa.Super.Ct.1995). Here, Defendant alleges that Plaintiff was unjustly enriched by accepting from Defendant approximately $850,000.00 of capital contribution costs for its Production Facility and an additional $250,000.00 in process development costs without conferring any value to Defendant in return. *See* Doc. No. 13 at ¶¶ 27 – 33. Plaintiff moves to dismiss this claim on the basis that it does not have any obligation or duty to Defendant beyond that which is specified in the supply agreement.

In federal court, a party may plead alternate claims regardless of consistency. *See* Fed.R.Civ.P. 8(d)(3). The mere existence of a written contract between the parties does not bar an unjust enrichment claim. *See In re Prudential Insurance Company of America Sales Practices Litigation*, 975 F.Supp. 584, 621 (D.N.J.1996). If the written contract is unenforceable, Defendant may well have an unjust enrichment claim. However, if the contract is enforceable, Defendant's recovery of these alleged damages will be as a measure of the breach of the contract and not as a separate tort claim, which Defendant acknowledges. *See* Doc. No. 19 at p. 20. As an alternative theory of recovery, Defendant has adequately pled a claim for unjust enrichment, and counterclaim IV will not be dismissed at this stage.

The Court next turns to Defendant's counterclaim alleging fraud in the inducement. "Rule 9(b) requires plaintiffs to plead with particularity the circumstances of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Corp.*, 742 F.2d 786, 791 (3d Cir.1984). There is no formula for pleading fraud with particularity: "[a]llegations of 'date, place, or time' fulfill these functions, but nothing in the rule requires them. Plaintiffs are free to use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.*

In Pennsylvania, a claim for fraud must allege: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Manning v. Temple Univ.*, No. Civ. A. 03-4012, 2004 WL 3019230, at *10 (E.D.Pa. Dec.30, 2004) (*quoting Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882, 889 (Pa.1994)).

Defendant alleges that it was fraudulently induced into entering the supply agreement through Plaintiff's misrepresentations of its own capabilities to perform under the contract. *See* Doc. No. 13 at ¶ 35. Defendant also alleges that, after the supply agreement was entered into, Plaintiff made material and fraudulent misrepresentations regarding its ability to perform under the agreement, particularly in terms of assurances regarding upgrades to the production facility and production processes. *Id.* at ¶¶ 36 & 37.

The Court notes that Plaintiff is not challenging counterclaim V on the basis that it is insufficiently pled under Rule 9(b). Instead, Plaintiff challenges the counterclaim as being barred by the gist of the action doctrine. "Generally, the gist-of-the-action doctrine precludes a party from raising tort claims where the essence of the claim actually lies in a contract that governs the parties' relationship." *Sullivan v. Chartwell Investment Partners, LP*, 873 A.2d 710, 718 (Pa.Super.2005). Pennsylvania courts are generally cautious about permitting tort recovery on contractual breaches. *Glazer v. Chandler*, 414 Pa. 304, 200 A.2d 416, 418 (Pa.1964). The gist of the action doctrine is a common law theory[1] "designed to maintain the conceptual distinction between breach of contract claims and tort claims" by precluding "plaintiffs from recasting ordinary breach of contract claims into tort claims." *eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10, 14 (Pa.Super.Ct.2002) (internal citation omitted); *see also Werwinksi v. Ford Motor Co.*, 286 F.3d 661, 680 n. 8 (3d Cir.2002).

The doctrine bars tort claims:

1. arising solely from a contract between the parties;
2. where the duties allegedly breached were created and grounded in the contract itself;

---

[1] The Pennsylvania Supreme Court has not expressly adopted the gist of the action doctrine. However, both the United States Court of Appeals for the Third Circuit and the Pennsylvania Superior Court have predicted it would do so. *See Williams v. Hilton Group PLC*, No. 03-2590, 2004 U.S.App. LEXIS 4980, *3, 2004 WL 516165 (3d Cir. Mar. 17, 2004), and *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa.Super.Ct.2002); *see also Woods v. ERA Med LLC*, CA No. 08-2495, 2009 U.S. Dist. LEXIS 3965, *24, n. 11, 2009 WL 141854 (E.D.Pa. Jan. 21, 2009), citing other cases.

3. where the liability stems from a contract; or
   4. where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract.

*Hart v. Arnold*, 884 A.2d 316, 340 (Pa.Super.Ct.2005) (citations omitted); *see also Lombardi v. Allstate Ins. Co.*, CA No. 08-949, 2009 U.S. Dist. LEXIS 52951, *25-*26, 2009 WL 1811540 (W.D. Pa. June 23, 2009). The fact that "a plaintiff may not sue in tort for economic losses arising from a breach of contract, however, does not preclude the possibility of a tort action between parties to a contract." *Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*, 28 F.Supp.2d 947, 951 (E.D.Pa.1998).

Under the 'gist of the action' test, "to be construed as a tort action, the [tortious] wrong ascribed to the defendant must be the gist of the action with the contract being collateral....The important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus." *Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc.*, 247 F.3d 79, 103-104 (3d Cir.2001), *quoting Redevelopment Auth. of Cambria County v. International Ins. Co.*, 454 Pa.Super. 374, 685 A.2d 581, 590 (Pa.Super.Ct.1996) (en banc).

"Whether the gist of the action doctrine applies in any particular setting is a question of law." *Knit With*, 2009 U.S. Dist. LEXIS 98217 at *13, 2009 WL 3427054. A court should be cautious when determining that a claim should be dismissed under the gist of the action doctrine, due in part to the fact that Fed.R.Civ.P. 8(d)(2)[2] allows parties to plead multiple claims as alternative theories of liability.

If a separate or independent event has occurred which gives rise to the tort, a party to a contract may pursue such an action, despite the existence of other contractual duties. *Knit With*

---

[2] "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed.R.Civ.P. 8(d)(2).

*v. Knitting Fever, Inc.*, CA No. 08-4775, 2009 U.S. Dist. LEXIS 98217, *11, 2009 WL 3427054 (E.D.Pa. Oct. 20, 2009); *Sunburst Paper, LLC v. Keating Fibre Int'l, Inc.*, CA No. 06-3959, 2006 U.S. Dist. LEXIS 78890, *7, 2006 WL 3097771 (E.D.Pa. Oct. 30, 2006) (to determine if the gravamen of the claim sounds in contract or in tort, the court must ascertain the source of the duties allegedly breached.) In short, if the duties in question are intertwined with contractual obligations, the claim sounds in contract, but if the duties are collateral to the contract, the claim sounds in tort. *Bohler-Uddeholm Am., Inc.*, 247 F.3d at 103-04 (citation omitted; applying Pennsylvania law); *see also*, *Sunburst Paper, id.*; *eToll*, 811 A.2d at 14.

Given the early stage of this case, it is unclear whether the fraud alleged relates to the inducement of the contract or to the performance of the contract itself. Fraud within the performance of the supply agreement may very well be barred by the gist of the action doctrine. Even the consideration of that question is dual-tiered, as Defendant has alleged breach of the supply agreement, which would fall within the gist of the action doctrine, *see* Doc. No. 13 at ¶ 35, along with what amounts to a fraudulent inducement to forbear possibly asserting its own contractual rights with subsequent misrepresentations, *id.* at ¶ 36. As to this second aspect, many Pennsylvania trial court decisions recognize that the gist of the action doctrine does not bar such a claim. *See EGW Partners, L.P. v. Prudential Ins. Co. of Am.*, 2001 WL 1807416, at *6 n. 16 (Pa.Com.Pl. June 22, 2001); *Gregg v. Independence Blue Cross*, 2001 WL 1807400, at *8 (Pa.Com.Pl. June 14, 2001); *First Republic Bank v. Brand*, 50 Pa. D. & C. 4th 329, 2000 WL 33394627, at *4 (Pa.Com.Pl. Dec. 19, 2000); *Greater Philadelphia Health Services II Corp. v. Complete Care Services, L.P.*, 2000 WL 33711052, at *2 (Pa.Com.Pl. Nov. 20, 2000). As such, the motion to dismiss Defendant's fraud in the inducement counterclaim will be denied.

C. Conclusion

For the reasons hereinabove stated, Plaintiff's partial motion to dismiss Defendant's counterclaims will be denied. An appropriate order follows.


McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PPG INDUSTRIES, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-1127 |
| v | ) |
| | ) |
| GENERON IGS, INC, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 13th day of January, 2011, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED** and **DECREED** that PLAINTIFF'S MOTION TO PARTIALLY DISMISS DEFENDANT'S COUNTERCLAIMS (Doc. No. 15) is **DENIED**. Plaintiff PPG Industries, Inc. shall file a reply to Defendant's counterclaims on or before January 27, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc: Michael J. Sweeney, Esquire
Email: msweeney@dmclaw.com
Michael P. Flynn, Esquire
Email: mflynn@dmclaw.com

David B. White, Esquire
Email: dbwhite@burnswhite.com
Lyle D. Washowich, Esquire
Email: ldwashowich@burnswhite.com